**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL Y. FEREN,
               Appellant,

        v.

DEPARTMENT OF THE TREASURY,
               Agency.

DOCKET NUMBER
PH-0752-15-0548-I-1

DATE: June 17, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Michael Y. Feren, Brooklyn, New York, pro se.

Heather A. Southwell, Esquire, and Navid Mehrjou, New York, New York,
    for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On September 29, 2015, the appellant filed a Board appeal challenging his alleged involuntary resignation, effective September 26, 2013. Initial Appeal File (IAF), Tab 1 at 3. That same day, the administrative judge issued an acknowledgement order requiring the appellant to file evidence and argument establishing Board jurisdiction over his appeal within 15 days. IAF, Tab 2. The administrative judge also issued a separate timeliness order requiring the appellant to file within 10 days evidence establishing either that his appeal was timely filed or that good cause existed for his untimely filing. IAF, Tab 3. The appellant did not respond to either order, but did file an August 2, 2013 document reflecting a recommendation that he be removed from service as well as a one-page pleading requesting a hearing. IAF, Tabs 4, 6. The agency filed a motion to dismiss asserting that the appellant's appeal was untimely filed and also that he had waived his right to file a Board appeal pursuant to a settlement agreement under which he agreed to resign in lieu of being removed. IAF, Tab 7 at 5-8.

¶3    On October 22, 2015, the administrative judge issued a second timeliness order and a second jurisdictional order, both of which afforded the appellant until November 5, 2015, to respond.  IAF, Tabs 9-10.  In both orders, the administrative judge warned the appellant that repeated failure to comply with Board orders might result in dismissal for failure to prosecute. *Id.*  The appellant did not respond to either order.  On December 17, 2015, the administrative judge dismissed the appeal for failure to prosecute, finding that the appellant failed to exercise basic due diligence by his repeated failure to respond to Board orders.  IAF, Tab 13, Initial Decision (ID) at 2.

¶4    The appellant has filed a petition for review in which he submits his responses to the agency's requests for interrogatories and asserts that he was not able to timely respond due to a family hardship.  Petition for Review (PFR) File, Tab 1 at 2.  The agency has opposed the appellant's petition.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal.  *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b).  Such a sanction should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders, or has exhibited negligence or bad faith in its efforts to comply.  *Leseman*, 122 M.S.P.R. 139, ¶ 6.  Repeated failure to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011).  Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions.  *Leseman*, 122 M.S.P.R. 139, ¶ 6.

¶6    On review, the appellant does not contend that he did not receive the administrative judge's orders.  To the extent he asserts that he was unable to respond to the orders due to a family hardship, he has not adequately explained how or why this hardship prevented him from responding.  PFR File, Tab 1 at 2.

Nor has he explained why he failed to request an extension of time to respond. Thus, the appellant's argument on review does not demonstrate that he exercised due diligence in the proceedings below. Therefore, we find no abuse of discretion in the administrative judge's decision to impose sanctions under 5 C.F.R. § 1201.43(b). *See Williams*, 116 M.S.P.R. 377, ¶¶ 9-12 (finding that dismissal for failure to prosecute was appropriate where the appellant failed to respond to multiple Board orders). Accordingly, we find that the appellant has shown no basis upon which to disturb the initial decision dismissing his appeal for failure to prosecute.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.